IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Fletcher Herbert, | ) | C/A No. 3:12-2621-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael L. Gooding, *0257*; and Det. Brian Smith, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Robert Fletcher Herbert ("Herbert"), a self-represented individual who is currently a state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on several dispositive motions filed by the parties. (ECF Nos. 47, 48, 59, & 75.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Herbert of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 77.) These motions have been fully briefed. (See ECF Nos. 56, 63, 83, 84, & 88.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted and Herbert's motions should be denied.

**BACKGROUND**

Herbert's Second Amended Complaint purports to allege claims of false arrest, false imprisonment, malicious prosecution, slander, defamation, excessive bail, harassment, and racial profiling. (ECF No. 53.) In support of these claims, Herbert appears to allege that the defendants



falsely arrested him on more than one occasion and caused false information about him to be reported by various news sources. Herbert further appears to allege that the defendants took these actions because he is black and has tattoos. Stated differently, Herbert appears to allege that the defendants obtained the warrants based on false information. As a result of the above, Herbert alleges that he lost his job, home, and cars, and used his life savings to post bond.

The following additional facts, which are either undisputed or are taken in the light most favorable to Herbert, shed additional light in resolving this motion. First, it appears that Defendant Smith arrested Herbert on April 9, 2012 for receiving stolen goods, which was later nolle prossed after Herbert was arrested on "larger warrants." (Smith Aff. ¶ 10, ECF No. 75-9 at 3.) Herbert was then arrested on April 12, 2012 pursuant to an arrest warrant based on an affidavit by Defendant Gooding for grand larceny, burglary, and possession of firearms. After posting bond, Herbert was released on April 15, 2012. On July 14, 2012, Herbert was arrested pursuant to an arrest warrant based on another affidavit by Defendant Gooding for arson, bomb/intentionally detonating a destructive device, and intimidation of a witness.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Official Capacity**

To the extent that Herbert is suing the defendants in their official capacities for monetary relief, they are entitled to summary judgment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced



or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As an arm of the state, the defendants are entitled to sovereign immunity and neither can constitute a "person" under § 1983 in that capacity. See Will, 491 U.S. at 70-71; Gulledge v. Smart, 691 F.Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities). Accordingly, to the extent the defendants are sued in their official capacity, they are immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

**C.     False Arrest/Imprisonment Claim**

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or imprisonment, a plaintiff must show that the seizure was effected without probable cause. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563,

568 (4th Cir. 1998). Therefore, to demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted). To demonstrate a "reckless disregard," a plaintiff must show, in light of all of the evidence, that an officer had "serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id. With regard to alleged omissions from an affidavit, a plaintiff must establish that the officer failed to inform the magistrate of facts that the officer knew would negate a finding of probable cause. Id. However, allegations of negligence or honest mistake are insufficient. Id. at 627-28. Additionally, "the false statements or omissions must be material, that is, necessary to the neutral and disinterested magistrate's finding of probable cause." Id. at 628 (internal citations and quotation marks omitted). Notably, "[o]btaining an arrest warrant does not provide per se evidence" that the warrant was proper or that the officer was objectively reasonable in believing it so. Torchinsky v. Siwinski, 942 F.2d 257, 262 (4th Cir. 1991).

The crux of Herbert's claim appears to challenge the validity of the arrest warrants by generally alleging that the defendants arrested him based on his race and his tattoos and by challenging the credibility of the witnesses. Herbert therefore appears to challenge the existence of probable cause and allege that the affidavits contained false information. The court finds these general arguments entirely unsupported.



Here, the record unequivocally shows that the defendants relied upon statements by several witnesses and/or evidence obtained following the execution of search warrants that supported the averments in their affidavits. Based on these statements, the defendants had grounds to reasonably believe that Herbert had committed the crimes alleged, and although Herbert appears to generally dispute these statements, he has presented no evidence that the defendants intentionally lied or recklessly made material omissions to obtain the arrest warrants. (See generally Gooding Aff., ECF No. 75-2; Smith Aff., ECF No. 75-9) (attesting to the evidence discovered and information provided by the witnesses that formed the basis for their affidavits in support of the arrest warrants); (Arrest Warrants, ECF Nos. 75-4, 75-7, 75-10); see also Beauchamp v. City of Noblesville, Indiana, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate."); United States v. Beckham, 325 F. Supp. 2d 678, 687 & n.16 (E.D. Va. 2004) (collecting cases).

Accordingly, based on the record before the court and the totality of the circumstances, no reasonable jury could find that Herbert's arrest was made without probable cause or that the defendants failed to properly investigate these incidents.

**D.     Other Allegations**

With regard to Herbert's allegations that the amount of his bail is excessive and that the defendants slandered or defamed him, the unrefuted evidence demonstrates that the defendants were not responsible for determining Herbert's bail amount. Moreover, other than Herbert's conclusory statements that the defendants defamed or slandered him, he has failed to provide any evidence to



support this bald assertion or to refute the defendants' averments that pursuant to department policy, they are prevented from releasing details of Herbert's arrest or incarceration to the public.

To the extent that Herbert's Second Amended Complaint may be construed to allege any other causes of action and to the extent that the defendants' motion addresses other claims which they conjecture that Herbert may be attempting to assert, the court finds that Herbert has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment be granted (ECF No. 75), and Herbert's motions for judgment on the pleadings and for summary judgment be denied (ECF Nos. 47, 48, & 59). In light of this recommendation, the court further recommends that Herbert's remaining motions (ECF Nos. 38, 41, 69, & 80) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 20, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).